UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR08-00154-03 |
| VERSUS | |
| DANIEL MORRIS | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court is a motion "motion for jail time credit" (Doc. 166) filed by Morris on August 24, 2009, which was referred to the undersigned Magistrate Judge for report and recommendation. Morris contends he is entitled to credit for time served prior to sentencing in the above-captioned case.

The possibility of credit for time served prior to the date a federal sentence commences is set forth in 18 U.S.C. § 3585.[1]  A

---

[1] 18 U.S.C. § 3585 states:
  (a) Commencement of sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
  (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
  (1) as a result of the offense for which the sentence was imposed; or
  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

federal sentencing court is not authorized to apply Section 3585(b). Instead, it is the Attorney General, through the Bureau of Prisons, who computes the amount of Section 3585(b) credit after the defendant has begun to serve his sentence. U.S. v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 1353 (1992). The Bureau of Prisons has detailed procedures and guidelines for determining the amount of credit available to prisoners. Federal regulations also afford prisoners administrative review of the computation of their credits and prisoners may seek judicial review of the computations after exhausting their administrative remedies. Wilson, 503 U.S. at 333, 112 S.Ct. at 1354; U.S. v. Dowling, 962 F.2d 390, 392 (5th Cir. 1992).

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for first step of an informal resolution attempt filed with the prison staff, a second step of a formal grievance filed with the warden; Perez-Vega appears to have fulfilled those steps. The regulations also provide for an appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

§ 542.15 Appeals.

(a) Submission. An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate

2

form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.
(b) Form.
(1) Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP- 11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal.
(2) An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.
(3) An inmate shall complete the appropriate form with all requested identifying information and shall state the reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 ½ " x 11") continuation page. The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office (the inmate is also to provide copies of exhibits used at the prior level(s) of appeal). The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal (see 28 CFR part 503 for addresses of the Central Office and Regional Offices).

Morris has not shown that he exhausted his administrative remedies through the Bureau of Prisons. Accordingly,

**IT IS ORDERED** that Morris show full exhaustion of his administrative remedies by providing the court with copies of his

3

grievances, appeals, and responses at each step of the administrative procedures **on or before December 2, 2009.**

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 2nd day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE